All right, the next case before us this morning is 21-8056 Bear Creek Trail v. BOKF. Counsel for Appellant, appearing by Zoom, if you would make your appearance and proceed, please. Good morning, your honors. My name is Richard Gaines. I'm here representing the dead of Bear Are you able to hear me? Yes, the volume is up now, so please proceed. Okay, I represent the debtor of Bear Creek Trail LLC and Elk Mountain Inc., its sole member and its principal creditor. This case, unlike most appeals which involve a series of technical, nuanced legal issues, this case involves basic fundamental rights of due process. They also implicate major public policies of the state of Wyoming. The appellees, Bank of Texas and McClintock, a receiver appointed by a court in Texas, entered into the underlying bankruptcy based on court orders issued out of the state of Texas against a Mr. Marvin Keith, who was the sole member of a Wyoming limited liability company called Pine Tree Capital LLC. The corporate relations are expressed and explained in the briefs, and I'm not going to go through those. The bankruptcy court allowed the bank, and particularly McClintock as the receiver, based on Texas turnover orders to make filings in the name of Elk Mountain. Based on those filings, the court entered an order converting the case from Chapter 7 to Chapter 11. It is well established that an order of conversion is such a momentous change in circumstances that it is a final appealable order. From 7 to 11? I thought it was from 11 to 7. Oh, I'm sorry. I misspoke, Your Honor. I apologize. It's from 11 to 7. And let me ask you, you initially started out saying you represent Elk Mountain. Well, how is that? I mean, Elk Mountain did not even file an appeal to the district court, did it, from the bankruptcy court decision? Its name was omitted from the notice of appeal. However, if you look at the actual description of the appellants in the notice of appeal, it includes three boxes are checked, the debtor, but also a creditor and an equity owner. The only entity that satisfies the criteria for being a creditor and an equity owner is Elk Mountain. Elk Mountain also moved to stay the order in the, initially, the bankruptcy court of appeal converted to the district court and opposed the dismissal of the appeal. So it was insofar as Elk Mountain is, excuse me, insofar as Elk Mountain is a creditor, isn't their interest now the interest of the trustee? In other words, why are you situated to file? Actually, it's actually to the contrary, and the reason is that as Elk, as was demonstrated in a liquidation analysis that was submitted in support of a plan of reorganization, the liquidation under the but about 40 to 50% of its debt will go unpaid. And that that analysis has never been challenged by anyone, including the appellees. Now, the due process issue that arises. Council, Council, Council, before you leave Elk Mountain, so I understand your your point about the notice of appeal to the district court, but are you saying that Elk Mountain at this point is being represented or is a is representative on behalf of the debtor? Or is it now, in your view, an aggrieved party? It was an aggrieved party and that is the base on which it was supposed to be included in the rights. And that's that's part of what I'm talking about when I say due process, because I think that's really what my what my question is going to. The debtor has appeal rights, but once the trustee has been appointed, doesn't the trustee have the sole authority to bring the appeal? No, just a minute. I'm not quite done, which would leave Elk Mountain outside of that capacity. And so Elk Mountain, if Elk Mountain wants to challenge at this point in district court, it would have to be an aggrieved party. Is that correct? Well, it is. It's an aggrieved party. It is not required to have to rely on solely the debtor to protect its interests. It would independently have a basis for appeal. The debtor has a basis for appeal also. Well, OK, but would you agree then that only the trustee could challenge the conversion order in this matter? No. And the reason I don't agree with that assertion is that the rules give a person that loses an issue that would be a final order a period of time to appeal. Neither the bankruptcy court nor, in fact, this court can alter its right to appeal that adverse determination by the simple expedient of appointing a trustee. That's a deprivation. Let's bring in CW Mining, our decision in CW Mining. Why doesn't that require us to affirm here? Because CW Mining doesn't stand for that proposition. What about Chapter 11 proceeding? So the company was operating as a debtor in possession. In a testimony about a plan for a Chapter 11 reorganization, the management in the person of the president said the only reorganization plan he could see was conversion to a Chapter 7 liquidation. Having agreed that Chapter 7 liquidation was the proper thing, that's how the case got converted. Now what the court said, and I'm not disagreeing with the court's decision in this regard, is that having agreed that the case would be now in a Chapter 7 liquidation with a trustee, the former management could not, after the fact, come back in and then try to insert their judgment in in the place instead of the trustee. That is not what this case is about. In this case... So is it your assertion that CW Mining turns on the fact that there was an initial consent to the conversion? Absolutely. And that's the same thing in the Weintraub case, the Supreme Court case. That case went in based on an agreement the company made prior to the bankruptcy to go in to have a receiver appointed who was going to, as part of that process, put the company into a Chapter 7 liquidation. It then would not be allowed, after the fact, to come in and try and substitute the former management's views for that of the trustee. This is not that case. But isn't counsel the purpose behind giving the trustee exclusive authority, once appointed, to challenge the bankruptcy court's decision here to convert? Isn't one of the reasons for that to avoid multiple parties or individuals, if you will, representing the debtor? In other words, you've got the trustee representing the debtor, but if you allow others, such as Elk Mountain, to come in, you have multiple parties representing the debtor. Isn't that the reason that CW Mining, or at least one of the reasons CW Mining said that the Chapter 7 trustee is the only person to bring an appeal so that the debtor is speaking with one voice? I don't think CW Mining stands for that proposition because it doesn't address the issue of the basic right to appeal the conversion. In fact, there is no circuit that has adopted the proposition that the debtor who files an appeal of a conversion order within the time for appeal loses the right to appeal because the trustee was appointed at the date of the conversion order. Counsel, my question for you is, isn't there a distinction between the right to appeal, which the debtor possesses, and who gets to bring the appeal on the debtor's behalf once a trustee is appointed? Well, Your Honor, I submit that I don't believe the trustee even has the authority to question the bankruptcy court's decision to issue the conversion order. On what authority does it sit in supervision over the bankruptcy court? Now, the whole reason this conversion order is a final order is because it was a seed change in the way the debtor was operating and the rights affected. And if it's that major a change, how do you lose your right to appeal? How do the affected parties lose their right to appeal? On what basis does that happen? And there's no case that says it does happen. In fact, in the briefs, you'll see, yeah. Let me ask this. Did Mr. Keith, I believe that's his name, did he attempt at any point to appeal at the time of the conversion as an agreed party? No, because he is a remote owner. Understand, he is the owner of Pine Tree Capital. Pine Tree Capital is the parent of Elk Mountain. You cannot simply ignore the juridical separateness of these entities. What we have here is a judgment creditor of Keith attempting to circumvent the clear law of the levying on the membership interest, inserting itself into the position of the member. It's limited to a charging order. The turnover orders on which these actions are based are void and unenforceable under Texas law. The bankruptcy judge- Could you work with me for a quick second here? I want to make sure that I understand your position on this and where I'm going or where I'm jumping off from is the language in CW Mining that talks about when corporate managers fail to appeal the conversion to Chapter 7, they cannot atone for their mistake by appealing other determinations over a trustee's objection. My point really is, and this goes to your earlier comment to due if there's some grievance that has befallen Mr. Keith, irrespective of the corporate separateness of these entities, why wouldn't he seek to challenge it at that point? Because at least the thrust of CW Mining appears to be that, yeah, you have an opportunity to appeal, but you can't appeal in the name of the debtor. And this goes to Judge Rossman's earlier point. There's a right to appeal, and who gets to appeal? But CW Mining isn't that situation. They were not appealing the conversion order. They were appealing something after the conversion where a trustee was exercising his authority to interpret and decide whether he was going to use an attorney-client privilege defense or issue. It's the same situation. It's not the conversion order that was challenged. It was a decision by the trustee. I'm sorry, I want to need to cut you off for a second. Your time has expired. We'll give you a little time on rebuttal after we hear from APLEE. So just hang in there. Please, counsel for APLEE. Good morning, your honors. Jennifer Salisbury with the law firm of Marcus Williams, Young & Hunsaker on behalf of the APLEE's, BOKFNA, which does business as Bank of Texas, and Mr. Thomas McClintock, the state court-appointed receiver. Your honors, the issues before you have been correctly and fairly handled by Judge Skovdahl, and his ultimate determination requires no alteration. I request that you affirm Judge Skovdahl's judgment. Well, life would be so easy if we would have no reason to make any alteration at all. Sometimes that's not the case. The question I would ask you is, does Article III standing have anything to do with this case at all? I don't believe it does, your honor, and I think this goes to some of the Mr. Gaines' argument that it's fundamentally unfair that the debtor or the management of the debtor lost its right to appeal, and I would direct your honor's attention to one of the many, many, many district court cases across the country that have followed this court's decision in the C.W. Mining case to dismiss any type of appeal brought by a debtor when a trustee has already been appointed, and with to a case out of the District of Nevada in 2011. It's Edge LLC versus J.P. Morgan Chase Bank, 2011 U.S. District Lexus. Is that in your briefs somewhere? I believe so. If it isn't, please file a supplemental authority letter on that so that we have that for the record, please. Absolutely, but the District Court of Nevada, in response to the allegation that there was a due process violation specifically because an Article I judge's decision was not being properly reviewed by the Article III judges, the District Court said any constitutional concerns regarding Article III review of an Article I judge's decisions are illusory, and the district had three reasons for why this was an illusory concern. First, former managers of the debtor have the ability, in the initial instance, to contest the motion for conversion of the case. As aggrieved parties, is that right? No, as the debtor. As the debtor. As the debtor, because at that point, former management is in control of the debtor, and they are there before the court with notice and a hearing and an opportunity to be heard. And then the second reason why it's an illusory issue is that that same management, prior to the appointment of a trustee, you can immediately, if the court rules against you, immediately ask for a stay pending appeal. And if the court grants the stay and a trustee is not appointed, obviously former management still controls the debtor, and it has the right to appeal. The third reason is precisely what this court said in the CW mining. Management, or even equity, can bring the appeal in their own right as an aggrieved party. And the District Court of Nevada said that these mechanisms, these three mechanisms of Article III review undercut any constitutional concerns that may arise. That answer, that was very helpful, but to some extent I may not have been clear with what my question was. My question was, at least my understanding, I detected in the briefs that there was some notion of whether there was standing by the appellant to bring this appeal. In other words, whether there was Article III standing to bring this appeal. And really the CW mining and otherwise, and maybe I misunderstood, is a question of capacity to sue, right? That's what we're talking about here. Not that Bear Mountain, not Bear, what is it, not that Bear Creek Trail can't appeal. It's the question of who can appeal for them, right? Yes, absolutely. Okay, so it's a question of capacity to sue and party and interest, right? Yes. Okay. Yes, absolutely. And once a trustee has been appointed, it is the trustee pursuant to the Bankruptcy Code, Section 323, that has the capacity to sue and be sued and is the representative of the bankruptcy of state. Let me just, I'm sorry, go ahead. Well, let me just approach this from a slightly different angle. It may be a variation on the same theme, but if we affirm, wouldn't we be in bankruptcy court orders converting proceedings to Chapter 7 and appointing a trustee largely unreviewable because a trustee is unlikely to challenge the conversion order and the appointment? Your Honor, if I were in the debtor's seat, I would have filed a notice of appeal on behalf of equity or on behalf of the former managers. I would have had a different name in my document, notice of appeal. You have to be an aggrieved party. Well, so what you're telling me then is the aggrieved party could do that and challenge the conversion order. Yes. Yes. If there is an aggrieved party, if a party is aggrieved by that order, an aggrieved party under 10th Circuit President can bring the appeal. And I think under these circumstances, the management of the debtor, whether it's a director, an officer in their own name, or a manager of an LLC, or even equity, could file a notice of appeal. All right. Then why isn't Elk Mountain an aggrieved party in this matter? They may be, but they didn't file a notice of appeal. But you contended that they were an intervener. I mean, you didn't contend they were an intervener, but you suggested that the reason why they weren't a proper party on appeals for failure to satisfy, as it's bankruptcy rule 8013g, which is about intervention. They didn't file a motion in intervention, Your Honor. Right. Right. But I thought they could have. They didn't. So you think they could be an intervener in this case? They could file a motion in intervention. And if they filed a motion in intervention, I would respond to it on behalf of my client and determine whether or not they're an aggrieved party. It doesn't sound like you're impressed with counsel's argument about the notice of appeal describing Elk Mountain. No, sir. No, sir. The notice of appeal form is very, very simple. It starts out with name. And you say the name. And if you look at the record, it just says Bear Creek Trail as debtor in possession. I understand that there's three boxes that were cures the fact that only one party's name was listed on the where it's listed name for the appellant. And then on the third page of the notice of appeal, the debtor listed something like Bear Creek Trail as debtor in possession is appealing the following orders. And they listed their six or seven orders. So again, they reiterated it. Even if there was a mistake on the first page, the third page of the notice of appeal makes very, very clear that the only party filing the notice of appeal was the debtor as debtor in possession. Let me be clear about your position on Elk Mountain. At the time of the conversion, once the conversion took place, Elk Mountain was in control of Mr. McClintock, right? Yes. Okay. So they could not at that point, Elk Mountain, if any appeal was going to be filed, it would have had to have been under the under the guidance of Mr. McClintock. So there is a dispute as to who controls Elk Mountain, obviously. Well, yes, but it isn't. I mean, the theme here would be once the receiver is in place, the receiver is charged with representing these entities, which would agree with that legal premise. Yes. Okay. If you agree with that legal premise, then Elk Mountain could not have, as an agreed party apart from Mr. McClintock, done anything, right? That's true. But the manager, Bear Trail LLC, could have filed. Bingo. The manager could have. Yes. But at least so I misunderstood perhaps what you were saying, because you're not saying that Elk Mountain as Elk Mountain could have post-conversion filed any action as an agreed party. No, but equity in general under these circumstances, setting aside the specific circumstances of this case, which are kind of strange as to who does or does not control Elk Mountain, but as a general principle of law, I think the sole owner of a debtor in possession, once there's been a conversion to a Chapter 7, under generally, equity probably could be a person agreed. But they do. Is that Mr. Keith? Yes, and they would do that. He would do that in his own name, though, right? He would not do it as Elk Mountain. He could do it in his own name or as the other entity is Pine Tree. Yes, but the Right? No. That's the whole reason we're here. Yes, it would be our position that McClintock has control of Elk Mountain. Okay, then that leads up to one significant question, which is does Elk Mountain, in your view, have any role at all in this appeal? Mr. McClintock filed the motion to convert. It was joined by the bank. So, two parties who I both represent filed the motion to convert, and I have been representing both of those parties in the briefing for this appeal. Let's back up. I thought this was an easy question. Is Elk Mountain properly here as an appellant represented by Mr. Gaines? No. Okay. I thought it was a yes or no. Okay. All right. That's fine. Your Honors, I just have a few seconds left, but I'd just like to say that I disagree with Mr. Gaines' final analysis of the reach of the CW mining case, and I believe that Your Honors' point in during that argument was so critical because it's absolutely imperative for the bankruptcy process for there only to be one party ever in control of the debtor, and prior to conversion, it's a Chapter 11. It's the management of the debtor from possession, but once that conversion takes place, it's the trustee, and it has to be the trustee. As I'm sure you all are aware, bankruptcy cases are kind of hotbeds for appeals and litigation at all times, and if this court were to in any way open the door and say there's an exception whereby a debtor can appeal even though former management can appeal on behalf of the debtor even though a trustee has been appointed, there's just going to be floodgates of litigation coming up to the Tenth Circuit with multiple parties standing in front of you purporting to act on behalf of the debtor. It doesn't matter public policy. That's not the right decision. CW mining has been followed by district courts across the country, and I read so many of the district court decisions, and it's true that no other circuit court has directly made the ruling that CW mining did that once the trustee has been appointed, there is no right of appeal by former management on behalf of the debtor, but district courts, they're all following CW mining. They do so in the context of conversion of the case, and no other circuit court has made that holding. Well, has any other circuit court done the opposite? No. I didn't know. No, because it's not controversial. My point is CW mining's holding is not controversial. District courts examine it minutely, and the analysis is almost across the board. Well, the Second Circuit hasn't ruled on this issue yet, but the Tenth Circuit has, and we believe the Second Circuit would have followed the Tenth Circuit, and CW mining appeal dismissed. Your Honor, I've reached the end of my remarks. I would just ask you to please affirm Judge Scott Bell's order dismissing this case. Thank you, counsel. Would you give Mr. Gaines one minute, please? Your Honor, the Second Circuit addressed this case very similar to this cited in the brief. It's 461 Seventh Avenue Market. That was a case where the debtor had appealed. The trustee didn't even challenge their right to appeal, but they challenged their right to make the motion for a stay. The Second Circuit didn't even question the debtor's right to appeal a conversion order. They determined that the standards for a stay hadn't been met. The other thing I want to point out, you keep avoiding the elephant in the room. On what basis does McClintock speak in the name of Elk Mountain? It does so based on this turnover order issued out of Texas and under Texas law, as established by the Supreme Court of Texas, that order is void and unenforceable because it could not be issued by that court which lacked personal subject matter and any other kind of jurisdiction. So we have a stranger to this proceeding controlling this bank under the same guise of these orders purports to put itself in front of not only the debtor's creditors, but the creditors of every other creditor of the debtor. So it's in front of Elk Mountain's creditors, Bear Trail. I don't mean to cut you off, but you need to both sides. Case is submitted. Thank you, counsel.